EASTERN DIS.
*March*, 1833.

RICARD'S
HEIRS
*vs.*
HIRIART ET AL.

RICARD'S HEIRS *vs.* HIRIART, ET AL.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE THIRD PRESIDING.

An affidavit, attesting the truth and correctness of the facts and allegations in the petition which render an injunction necessary, is insufficient to authorise the court to issue one.

On the dissolution of an injunction, the fee of the defendant's attorney may be allowed as special damages.

This action was brought to enjoin the sheriff and the plaintiff in another suit, from all further proceeding on a *fieri facias* which had been issued in that suit, and for a decree extinguishing a certain promissory note.

The curator *ad bona* of one of the plaintiffs, who are the minor heirs and children of Marie Louise Cleotilde Ricard, and the tutrix of the others, as the affidavit states, "being duly sworn, say that the facts and allegations contained in the above petition, and which render an injunction necessary, are true and correct." The bond required by law was given, and the prayer for an injunction granted.

The defendants moved the court to dissolve the injunction on the face of the papers, and pleaded *res judicata* to the demand in the petition. They demanded twenty per cent. damages on the amount enjoined, and one hundred and fifty dollars as special damages.

The inferior court sustained the motion, and condemned the plaintiffs and their surety, to twenty per cent. damages, with the taxed costs, and seventy-five dollars as special damages, being the value proved of the services of defendants' attorney in this suit. The *plaintiffs* appealed.

*Labauve*, for appellants.

1. The judgment below is erroneous.

EASTERN DIS.
March, 1833.

RICARD'S
HEIRS
vs.
HIRIART ET AL.

2. The plaintiffs' petition contains a sufficient showing to sustain the action.

3. The defendant entirely failed to establish his plea of res judicata. *Civil Code, art.* 2265.

4. The facts stated in the petition are taken for true on the motion to dismiss the injunction. 8 *N. S.* 395.

5. This is clearly an action in nullity, giving rise to an injunction; 2 *La. Rep.* 137; the result of which would virtually cancel the mortgage. *Civil Code, art.* 3251–2, 3339.

6. The plaintiffs were wrongfully condemned to damages. *Ricard's heirs* vs. *Hiriart.* Attorneys' fees are not especial damages in the meaning of the law; there is no proof of damages as contemplated by the law.

7. The security on the bond was wrongfully condemned to cost.

*Burke* and *Davis,* for appellees.

1. The proceedings of plaintiffs are informal. *Code of Practice. art.* 298, *no.* 7. *Ibid. art.* 304.

2. This petition is bad and insufficient in law. *Code of Practice, art.* 548.

3. The judgment enjoined has the force and effect of the thing adjudicated. *Code, art.* 3522, *no.* 9. Case of *Ricard's heirs* vs. *Hiriart,* January term, 1832. *Code of Practice, art.* 889. *Act of April* 7, 1826, *sec.* 12.

4. The prayers of the petition cannot be granted to plaintiffs in this suit. *Code of Practice, art.* 615.

5. Twenty per cent. interest as damage should be allowed. *Act of March* 25, 1831. *Code of Practice, art.* 888.

6. The appeal is frivolous and taken for delay. *Code of Practice, art.* 907.

MARTIN, J. delivered the opinion of the court.

The defendants prayed for the dissolution of the injunction on the ground, that it appeared from the face of the papers, that it was wrongfully issued without proper showing, and on the plea of *res judicata.*

EASTERN DIS.
*March*, 1833.
════════════
RICARD'S
HEIRS
*vs.*
HIRIART ET AL.

The injunction was dissolved; the plaintiffs and their surety were decreed to pay ten per cent. for general, and seventy-five dollars for special damages and costs. They appealed.

The defendant prayed for an amendment of the judgment by an increase of the damages to twenty per cent. interest, and damages for the frivolous appeal.

The plaintiffs contended that the injunction ought not to have been dissolved; and as they were not parties to the judgment, the execution of which they had enjoined, damages ought not to have been given against them or their surety.

The affidavits on which the injunction was obtained, attested the truth and correctness of the facts and allegations in the petition, which rendered an injunction necessary.

*An affidavit attesting the correctness of the facts and allegations in the petition which render an injunction necessary, is insufficient to authorise the court to issue one.*

The present case cannot be distinguished from that of *Hebert* vs. *Joly*, *et al.* determined in last January term. It was there held, that such an affidavit is absolutely insufficient to authorise an injunction.

We think the general damages were properly allowed; because there is a second injunction to arrest the judgment of the present defendants; and because on the second injunction the present plaintiffs were reconvened as debtors of the present defendants, in their capacity of heirs.

The party who claims an injunction, must state in his petition the facts which render an injunction necessary. *Code of Practice.* This means all the facts then *existing*, otherwise he might successively claim sundry injunctions on the score of payment, release, compensation, and the like.

*On the dissolution of an injunction, the fee of the defendant's attorney may be allowed as special damages.*

The fees of the attorney were properly allowed.

We do not think that the court below erred in not allowing the maximum of general damages; nor that we ought to give any for the frivolous appeal.

The Act of 1831, page 102, requires judgment to be given against the surety.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.